1  SEYFARTH SHAW LLP
   Eric Lloyd (SBN 254390)
2  elloyd@seyfarth.com
   Kiran S. Lopez (SBN 252467)
3  klopez@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone:  (415) 397-2823
5  Facsimile:   (415) 397-8549

6  Attorneys for Defendants
   UNIVERSAL PROPULSION COMPANY, INC. and
7  DANIEL SCOTT

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | CAITLIN NAGROCKI, an individual, | Case No.
12 |    Plaintiff, | **DEFENDANT UNIVERSAL PROPULSION COMPANY, INC.'S NOTICE OF REMOVAL**
13 |    v. |
14 | UNIVERSAL PROPULSION COMPANY, INC., a Delaware Corporation; UNIVERSAL PROPULSION COMPANY, a business entity of unknown form; UNITED TECHNOLOGIES CORPORATION, a Delaware Corporation; UNITED TECHNOLOGIES, a business entity of unknown form; UTC AEROSPACE SYSTEMS, a business entity of unknown form; COLLINS AEROSPACE, a business entity of unknown form; ROCKWELL COLLINS, a business entity of unknown form; ROCKWELL COLLINS, INC., a Delaware Corporation; GOODRICH CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS NEW YORK GOODRICH CORPORATION, a New York Corporation; HAMILTON SUNDSTRAND CORPORATION, a Delaware Corporation; GOODRICH CORPORATION, a business entity of unknown form; DANIEL SCOTT, an individual; and DOES 1-50, | Solano County Superior Court Case No. FCS053872

*Complaint Filed: November 6, 2019*
|    Defendants. |

**DEFENDANT UNIVERSAL PROPULSION COMPANY, INC.'S NOTICE OF REMOVAL**

64630780v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant UNIVERSAL PROPULSION COMPANY, INC. (sued as Universal Propulsion Company, Inc. and erroneously sued as Universal Propulsion Company) (hereinafter, "UPCO"), hereby removes the above-referenced action from the Superior Court of the State of California for the County of Solano, to the United States District Court for the Eastern District of California.[1] This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 18 U.S.C. §1332. UPCO states that removal is proper for the following reasons.

**I.     PROCEDURAL BACKGROUND IN STATE COURT**

On November 6, 2019, Plaintiff Caitlin Nagrocki ("Plaintiff") filed a Complaint entitled, *Caitlin Nagrocki v. Universal Propulsion Company Inc., et al.* ("Complaint"), Solano County Superior Court Case No. FCS053872. The Complaint alleges ten causes of action for: (1) Failure to Provide Meal Breaks (Cal. Lab. Code Sections 226.7, 512); (2) Discrimination in Violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code Section 12940(a)); (3) Harassment in Violation of FEHA (Cal. Gov. Code Section 12940(j)); (4) Retaliation in Violation of FEHA (Cal. Gov. Code Section 12940(h)); (5) Failure to Prevent Harassment, Discrimination, and Retaliation (Cal. Gov. Code Section 12940(k)); (6) Whistleblower Protection (Cal. Lab. Code Section 1102.5); (7) Retaliation for Complaining of Violations of Cal. Labor Code and IWC Orders (Cal. Lab. Code Section 98.6); (8) Wrongful Discharge in Violation of Public Policy; (9) Unfair Business Practices (Cal. Bus. & Prof. Code Section 17200, *et seq*.); and (10) Intentional Infliction of Emotional Distress. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

On December 17, 2019, UPCO was served, through its counsel, with a Notice and Acknowledgement of Receipt-Civil and copies of the Summons, Notice of Case

---

[1] All Defendants consent to removal of this action.

Management Conference and Notice of Assignment of Judge for All Purposes, Civil Case Cover Sheet, and Complaint.  *See* concurrently filed Declaration of Kiran Lopez ("Lopez Decl.") at ¶3 and Exhibit A (service package).

UPCO's counsel executed and returned the Notice and Acknowledgment of Receipt-Civil on January 6, 2020.  Lopez Decl. at ¶4.

UPCO timely filed its Answer in the Solano County Superior Court on February 5, 2020.  Lopez Decl. at ¶5.  A true and correct copy of UPCO's Answer is attached hereto as Exhibit 2.

UPCO filed an Initial Case Management Statement in the Solano County Superior Court on February 18, 2020.  Lopez Decl. at ¶6.  A true and correct copy of UPCO's Initial Case Management Conference Statement is attached hereto as Exhibit 3.  Plaintiff did not file an Initial Case Management Conference Statement.  Lopez Decl. at ¶6.

An Initial Case Management Conference was held in the Solano County Superior Court on March 4, 2020.  *Id.* at ¶7.

UPCO filed a Further Case Management Statement in the Solano County Superior Court on May 21, 2020.  Lopez Decl. at ¶8.  A true and correct copy of UPCO's Further Case Management Conference Statement is attached hereto as Exhibit 4.

Plaintiff filed a Further Case Management Conference Statement in the Solano County Superior Court on May 21, 2020.  Lopez Decl. at ¶8.  A true and correct copy of Plaintiff's Further Case Management Conference Statement is attached hereto as Exhibit 5.  A Further Case Management Conference was held in the Solano County Superior Court on June 5, 2020.  Lopez Decl. at ¶9.

Plaintiff filed a Request for Dismissal in the Solano County Superior Court on June 23, 2020, whereby Plaintiff dismissed, without prejudice, all Defendants with the exceptions of UPCO and individual Defendant Daniel L. Scott, Jr.[2]  Lopez Decl. at ¶10.  A true and correct copy of Plaintiff's Request for Dismissal is attached hereto as Exhibit 6.

---

[2] The Complaint named numerous entity Defendants.  However, UPCO – only – was Plaintiff's employer during the relevant time period.  Plaintiff has since voluntarily dismissed Universal Propulsion Company; United Technologies Corporation; United Technologies; UTC Aerospace Systems; Rockwell Collins,

Exhibits 1, 2, 3, 4, 5, and 6 attached hereto and Exhibit A to the concurrently filed Lopez Declaration constitute all of the pleadings served on UPCO and/or filed by UPCO in the Solano County Superior Court prior to filing of this Notice of Removal. Lopez Decl. at ¶11. A Further Case Management Conference has been set for October 2, 2020. *Id*. at ¶12. No trial date has been set. *Id*.

## II.     **TIMELINESS OF REMOVAL**

This Notice of Removal is timely filed. First, it is being filed less than one year from the date this action was commenced (November 6, 2019). 28 USC Section 1446(c)(1); see Exhibit 1 hereto. Second, it is being filed within thirty (30) days of UPCO, the removing Defendant, receiving "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC Section 1446(b)(3).

On May 7, 2020, counsel for UPCO received an email from Plaintiff's counsel which stated that, "[m]y client lives in Florida." Lopez Decl. at ¶13 and Ex. B (May 7, 2020 email). This May 7, 2020 email was the first notice UPCO received that Plaintiff is not currently a California resident. *Id*. On May 29, 2020, counsel for UPCO asked Plaintiff's counsel to confirm the date that Plaintiff moved from California to Florida. Lopez Decl. at ¶14 and Ex. C (May 29-June 3, 2020 email chain). UPCO's counsel further advised Plaintiff's counsel that if Plaintiff moved to Florida before the Complaint was filed on November 6, 2019, UPCO would remove the case to the Eastern District on the basis of diversity jurisdiction. *Id*. On June 3, 2020, Plaintiff's counsel confirmed that Plaintiff moved to Florida <u>prior</u> to filing the Complaint. *Id*. Therefore, this Notice of Removal is timely, as it is being filed within thirty days from UPCO's counsel's receipt of Plaintiff's counsel's June 3, 2020 email confirming that Plaintiff was not a California resident at the time the Complaint was filed. 28 USC Section 1446(b)(3),

---

Inc.; Goodrich Corporation Which Will Do Business In California As New York Goodrich Corporation; Hamilton Sundstrand Corporation; and Goodrich Corporation. *See* Exhibit 6, attached hereto. In any event, none of the now former Defendants are citizens of Florida (where Plaintiff resides), and their prior inclusion in this case does not destroy diversity.

## III. DIVERSITY JURISDICTION

The subject matter jurisdiction on the basis of diversity of citizenship requires: (1) there is complete diversity of citizenship between plaintiff and defendants, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332.

### A. There Is Complete Diversity In This Case

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties have complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from each Defendant's citizenship.

#### 1. *Plaintiff Is A Citizen Of Florida*

For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090 ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 ("the place of residence is *prima facie* the domicile").

The Complaint alleges that "Plaintiff is, and at all times mentioned in this complaint was, a resident of California." Exhibit 1 at ¶9. However, as discussed above, on June 3, 2020, Plaintiff's counsel confirmed that Plaintiff moved to Florida before filing the

Complaint. *See* Lopez Decl. at ¶14 and Exhibit C. Therefore, UPCO is informed and believes that Plaintiff is currently a citizen of the State of Florida *and* became a citizen of Florida prior to filing the Complaint on November 6, 2019.

### 2.   *UPCO Is A Citizen Of Delaware and California*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1), *see also Davis v. HSBC Bank Nevada N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. §1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center"** ....

*The Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93 (emphasis added).

UPCO (sued as Universal Propulsion Company, Inc. and erroneously sued as Universal Propulsion Company) is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Delaware. Declaration of Tshikashi Moore-Stallworth ("Moore-Stallworth Decl.") at ¶3. Its principal place of business is in Fairfield, California. *Id*.

### 3.   *Daniel Scott Is A Citizen Of Texas*

Individual Defendant Daniel L. Scott, Jr. is now, and has been since on or about September 6, 2019, a citizen of Texas. Declaration of Daniel Scott at ¶2. Mr. Scott works in Haltom City, Texas, and resides in McKinney, Texas. *Id.* Mr. Scott currently intends to remain domiciled in Texas. *Id.*

### 4. *Doe Defendants Should Be Disregarded*

Pursuant to 28 U.S.C. §1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §1332. *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the named Defendants have diverse citizenship.

### B.    **Plaintiff Seeks Damages In Excess Of $4,250,000.00**

The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing amount in controversy. Pub. L. 112-63, Title II, § 205.

Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. §1332(a). *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met."). 28 U.S.C. §1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. §1446(c)(2)(B). Accordingly, a removing defendant must only demonstrate that the amount in controversy is more than $75,000 only by a preponderance of the evidence, not to a legal certainty.

Here, however, the face of the Complaint satisfies this requirement. Plaintiff seeks back pay in the amount of $500,000, front pay in the amount of $500,000, general damages in the amount of $1,000,000, other special damages in the amount of $250,000, punitive damages in the amount of $2,000,000, pre-judgment and post-judgment interest on all

damages awarded, costs of suit, and attorneys' fees. *See* Exhibit 1 (Complaint) at Prayer, p. 14:3-13.

Further, Plaintiff's Statement of Damages also confirms that she is seeking (1) $500,000 for pain, suffering, and inconvenience; (2) $500,000 for emotional distress; (3) an unknown amount for medical expenses to date; (4) an unknown amount for future medical expenses; (5) $500,000 for loss of earnings to date; (6) an unknown amount for attorneys' fees and costs; (7) $500,000 for loss of future earnings; (8) $2,000,000 for punitive damages; and (9) $250,000 for other special damages. Lopez Decl. at ¶15 and Exhibit D (Plaintiff's Statement of Damages).

Plaintiff therefore seeks a total of <u>at least $4,250,000.00</u>, exclusive of interest, *before* any award of attorneys' fees and expenses. *Id*. Accordingly, because it is certain that the amount in controversy is in excess of $75,000, and because as detailed above there is complete diversity of citizenship between Plaintiff and Defendants, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b) and removal is appropriate.

## IV. **VENUE**

Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446(a). This action originally was brought in the Superior Court of the State of California, Solano County, which is located within the Eastern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## V. **SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT**

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and her counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, Solano County.

## VI. PRAYER FOR REMOVAL

WHEREFORE, UPCO prays that this civil action be removed from the Superior Court of the State of California, County of Solano, to the United States District Court for the Eastern District of California.

DATED: July 1, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: ___/s/ Kiran S. Lopez_____
Eric Lloyd
Kiran S. Lopez
Attorneys for Defendants UNIVERSAL PROPULSION COMPANY, INC. (sued as Universal Propulsion Company, Inc. and erroneously sued as Universal Propulsion Company) and DANIEL SCOTT